**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott L. NICHOLS,
Defendant–Appellant.**

**No. 87–1674.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1989.

---

G. Fred Metos of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellant.

Wayne T. Dance, Asst. U.S. Atty. (Brent D. Ward, U.S. Atty., with him on the brief), Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN, BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

A jury convicted Scott Nichols on thirty-one counts of an indictment charging him, and others, with a series of drug violations arising out of cocaine distribution in the Salt Lake City, Utah area.[1] Specifically, Nichols was convicted of conspiracy (21 U.S.C. § 846), a continuing criminal enterprise (21 U.S.C. § 848), twenty-one separate counts of possession of cocaine with an intent to distribute (21 U.S.C. § 841(a)(1)), and eight separate counts of interstate travel in aid of an unlawful enterprise (18 U.S.C. § 1952).

Nichols was sentenced to fifteen years imprisonment on the continuing criminal enterprise conviction and on one count of the distribution convictions, to be served concurrently, and he was also sentenced to a special parole term of five years on the continuing criminal enterprise conviction. On the remaining convictions for distribution of cocaine and interstate travel, Nichols was placed on probation for five years to commence after he had served his sentences. No sentence was imposed in connection with Nichols' conviction for conspiracy. Nichols appeals his several convictions and the sentences imposed thereon.[2]

On appeal, Nichols raises two matters: (1) the district court committed error in refusing to give the jury an instruction on entrapment; and (2) the district court committed error in denying his motion for acquittal, based on outrageous governmental conduct in its investigation of the cocaine distribution operation, made at the conclusion of the government's case. We are persuaded by neither and, therefore, affirm.

█ Nichols elected not to testify and called but one defense witness, a clinical psychologist, who testified that as a result of testing he concluded that Nichols did not have the mental capacity to direct and organize a large-scale cocaine distribution op-

---

**1.** The same jury also convicted Nichols' co-defendants, Ronnie Bouck, Corey Day, Paul Hunt, David Palomino, and Kevin Hoffman of various drug violations, and each of them also appeals his respective convictions and the sentences imposed thereon. Each of these appeals has been separately briefed and orally argued, except for Bouck and Day, whose appeals have been consolidated. The separate appeals will be disposed of by separate opinions, although there will be reference back and forth between opinions.

**2.** In *United States v. Nichols,* 841 F.2d 1485 (10th Cir.1988), a forfeiture proceeding arising out of the present prosecution, we held that federal criminal forfeiture law did not exempt attorney fees and that it was not unconstitutional to require these defendants to forfeit assets that would otherwise be paid to their attorneys.

eration. Even though he had not testified, Nichols submitted an instruction on entrapment. He refused, however, to sign a written admission that he was guilty of every essential element of the crimes charged and, in turn, the district court refused the submitted instruction.

Before *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), we had repeatedly held that before a defendant was entitled to an instruction on entrapment he had to admit all essential elements of the crime charged. *United States v. Mabry,* 809 F.2d 671, 688 (10th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 33, 98 L.Ed.2d 164 (1987); *United States v. Martinez,* 749 F.2d 601, 606 (10th Cir.1984). In *Mathews,* the Supreme Court held that even if a defendant denies one or more essential elements of the crime charged, he is still entitled to an instruction on entrapment *if* there is sufficient evidence, regardless of whether it comes from defense witnesses or government witnesses, "from which a reasonable jury could find entrapment." *Id.* at —, 108 S.Ct. at 886. Following *Mathews,* this court in *United States v. Fadel,* 844 F.2d 1425 (10th Cir. 1988), stated that an instruction on entrapment is required when the "evidence [of entrapment], regardless of amount, creates a factual issue." *Id.* at 1430 (citing *United States v. Ortiz,* 804 F.2d 1161, 1166 No. 4 (10th Cir.1986)).

Relying on *Mathews,* appellant argues that the testimony of the government's own witnesses is sufficient to create a "fact issue" as to whether there was, or was not, entrapment. We do not agree. John Clayton, a paid informant of the Federal Bureau of Investigation, testified at length concerning the activities of Nichols, the others, and his own participation in the operation, but his testimony does not create a "fact issue" on whether there was "inducement" by the government and no

"predisposition" on the part of Nichols. In fact, the evidence shows that Nichols was involved in cocaine distribution in Salt Lake City *before* Clayton ever entered the picture.[3] The government's evidence did not require an instruction on entrapment.

As for appellant's witness, certainly the testimony of the clinical psychologist is in itself no evidence of entrapment. Our study of the present record convinces us that there is really *no* evidence tending to show that Nichols was entrapped and, accordingly, the district court was not in error when it denied the entrapment instruction.

■ Nichols' second ground for reversal is related to the foregoing, that is, Clayton's conduct as a government informant was so shocking and outrageous as to deny Nichols' due process. We do not agree. Counsel's argument that Clayton, not Nichols, was the head of this drug operation and that "but for" Clayton's actions there would have been no importation of cocaine from Florida and California, with subsequent distribution in the Salt Lake City, is simply not supported by the record. As stated, Nichols and others were importing cocaine and distributing it into the Salt Lake City area *before* Clayton infiltrated the ring. A dismissal at the conclusion of the government's case in a criminal proceeding is only warranted where such conduct is shocking and outrageous and reaches an "intolerable level". *See United States v. Russell,* 411 U.S. 423, 431–32, 93 S.Ct. 1637, 1642–43, 36 L.Ed.2d 366 (1973); *United States v. Warren,* 747 F.2d 1339, 1341–42 (10th Cir.1984).[4] Clayton's conduct does not even approach that requisite.

Judgment affirmed.

---

3. Nichols at an "organizational meeting" informed Clayton and others that he was "taking in" about $40,000 to $50,000 every three days from his sales of cocaine.

4. The conduct of the postal inspectors in *Warren,* wherein United States postal inspectors prepared phony accident reports and traffic tickets

and entered guilty pleas to falsified charges under assumed names in connection with a federal mail fraud investigation, is arguably more "outrageous" than that of Clayton. In *Warren,* we observed that the Tenth Circuit, as of that date, had *never* overturned a criminal conviction on the ground of outrageous governmental conduct. *Warren,* 747 F.2d at 1342. So far as we

are advised, we have not done so since. *See also United States v. Citro,* 842 F.2d 1149, 1153 (9th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 170, 102 L.Ed.2d 140 (1988).