**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul D. HUNT, Defendant–Appellant.**

**No. 87–1663.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1989.

See also, 10th Cir., 841 F.2d 1485.

Frances Smylie Brown, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Wayne T. Dance, Asst. U.S. Atty. (Brent D. Ward, U.S. Atty., with him on the brief), Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN, BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

A jury convicted Paul Hunt on one count of conspiracy (21 U.S.C. § 846), two counts of possession of cocaine with an intent to distribute (21 U.S.C. § 841(a)(1)), and one count of unlawful use of a telephone (21 U.S.C. § 843(b)).[1] Hunt was sentenced to five years imprisonment on the conspiracy conviction. On the two counts of possession with an intent to distribute, he was sentenced to four years imprisonment, with a special parole term of three years as to each count. All sentences are to run concurrently. On the remaining conviction for unlawful use of a telephone, Hunt was placed on probation for five years to commence upon the completion of his sentences. Hunt now appeals his several convictions and the sentences imposed thereon.

On appeal, Hunt urges four grounds for reversal: (1) insufficient evidence to convict him of conspiracy; (2) fatal variance between the conspiracy charged in the indictment and the conspiracy proven at trial; (3) error by the district court in denying his motion to suppress the use at trial of items seized in a search of his residence; and (4) error in admitting hearsay evidence against him under the conspiracy exception. Finding no reversible error, we affirm.

■ Appellant concedes that the government established *a* drug conspiracy, but argues that the government did not establish that he was a participant in such conspiracy. It apparently is undisputed that a meeting was held at Hunt's residence on February 3, 1986, involving drug suppliers and drug distributors, and that Hunt and Scott Nichols, a co-defendant, were roommates at that time. Appellant, however, points out that some evidence tended to show that although he was present in his home at the time of the meeting, he was actually excluded from the meeting because he was considered by the others as an "irresponsible" drug user.

Be that as it may, there was other evidence in the record tying Hunt to the conspiracy. For example, John Clayton, the government informant, testified that Hunt asked him to obtain information on the persons to whom he (Hunt) was selling drugs. Additionally, there was testimony that Hunt purchased drugs from Nichols and that a Cory Mitchell purchased drugs from Hunt. The "drug ledgers" received into evidence also showed numerous drug transactions between Nichols and Hunt. Without belaboring the point, we believe that there is ample evidence in the record, both direct and circumstantial, to support the jury's determination that Hunt was a part of the conspiracy. *See United States v. Savaiano*, 843 F.2d 1280, 1294 (10th Cir.), *cert. denied sub nom. Crummey v. United States*, — U.S. —, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988); *United States v. Watson*, 594 F.2d 1330, 1340 (10th Cir.), *cert. denied sub nom. Brown v. United States*, 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed. 2d 51 (1979).

The issue of single conspiracy vis-a-vis multiple conspiracy is discussed in a companion case, *United States v. Ronald Bouck and Corey Day*, 877 F.2d 826 (10th Cir.1989), in which an opinion has been filed this date. For the reasons set forth in that opinion we conclude that there was no fatal variance between the conspiracy charged in the indictment and the conspiracy established at trial.

As indicated, appellant also argues that the district court erred in denying his motion to suppress at trial the use of items

1. The same jury convicted Scott Nichols, Ronnie Bouck, Corey Day, David Palomino, and Kevin Hoffman of various drug violations. Each has his own separate appeal, which will be handled by separate opinions, though there is overlap between opinions.

seized in the search of his residence.[2] Though the search was conducted pursuant to a search warrant, appellant asserts that the affidavits submitted to the magistrate were insufficient to justify the issuance of the warrant, because the information in the affidavits of an FBI agent and an agent of IRS was stale, lacked particularity, and contained boilerplate.

■ The district court considered Hunt's motion to suppress and similar motions filed by other defendants. In a 33-page memorandum, he carefully detailed his reasons for denying all motions to suppress.[3] Absent "clearly erroneous" factual findings, and considering the evidence produced at trial in the light most favorable to the government, we are not inclined to disturb that ruling. *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir.1986) (citing *United States v. Rios*, 611 F.2d 1335, 1344 (10th Cir.1979)); *United States v. Pappas*, 735 F.2d 1232, 1233 (10th Cir.1984) (citing *United States v. Coker*, 599 F.2d 950, 951 (10th Cir.1979)). Accordingly, we find that the affidavits were sufficient and the trial court did not err in denying Hunt's motion to suppress.

Hunt's fourth, and final, ground for reversal is the improper admission of hearsay evidence under the conspiracy exception. That matter is also discussed in *United States v. Ronald Bouck and Corey Day*, 877 F.2d 826 (10th Cir.1989). For the reasons set forth in that opinion, we conclude that Federal Rule of Evidence 801(d)(2)(E) was properly applied.

Judgment affirmed.

2. At the time of appellant's arrest, and execution of the search warrant for his residence, agents discovered a scale, a "hot air" box used to test the quality of cocaine, an empty bottle of manitol, which is a chemical used to expand the volume of cocaine, and other miscellaneous "drug paraphernalia."

3. The district court's memorandum opinion and order addressed, and subsequently denied, each of the defendants'—including Scott Nichols, Paul Hunt, Ronald Bouck, David Palomino, and

Kevin Hoffman—motions to suppress. While the court found that the government's warrants were not "a model to be followed in the future," it did find the warrants sufficiently particular to be valid. The court further found that since the conspiracy operated over an eight-month period, the information obtained and relied on when the conspiracy was active was not stale. Finally, the court determined that the magistrate had sufficient time to review the information in the warrants.