**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David PALOMINO,**
**Defendant–Appellant.**

**No. 87–1675.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1989.

See also, 10th Cir., 841 F.2d 1485.

---

G. Fred Metos of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellant.

Wayne T. Dance, Asst. U.S. Atty. (Brent D. Ward, U.S. Atty., with him on the brief), Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN, BALDOCK, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

A jury convicted David Palomino on one count of conspiracy (21 U.S.C. § 846), one count of continuing criminal enterprise (21 U.S.C. § 848), six counts of possession of cocaine with an intent to distribute (21 U.S.C. § 841(a)(1)), and five counts of interstate travel in aid of an unlawful enterprise (18 U.S.C. § 1952).[1] Palomino was sentenced to ten years imprisonment on the continuing criminal enterprise conviction. He was also sentenced to ten years imprisonment on each of two counts of the distribution convictions, with a special parole term of three years as to each count. All sentences are to run concurrently. On the remaining convictions for possession with intent to distribute, interstate travel, and conspiracy, Palomino was placed on five years probation to commence upon the completion of all his sentences. He now appeals his several convictions and the sentences imposed thereon.

Palomino does not challenge the sufficiency of evidence to support his several convictions.[2] Rather, he urges, on appeal, four grounds for reversal: (1) the district court erred in refusing to sever the count charging a continuing criminal enterprise from his trial on the other counts; (2) the district court erred in refusing to dismiss all of the charges against him because of outrageous government conduct in its investigation of the drug ring; (3) prosecutorial misconduct by government counsel in closing argument; and (4) the search of his residence in Florida violated his fourth amendment rights. We affirm the district court's actions on all of these challenged grounds.

Points 2 and 3 have been addressed in the appeal of Palomino's co-defendants and will not be addressed here. See our opinion *United States v. Ronald Bouck and Corey Day*, 877 F.2d 826 (10th Cir.1989), filed this date.[3]

A superseding indictment charged Palomino and twenty-seven other defendants in 125 counts with conspiracy and various substantive drug offenses. In Count 4 Palomino was charged with a continuing criminal enterprise, 21 U.S.C. § 848. Prior to trial, Palomino filed a motion to sever his trial on Count 4 from his trial on the other charges. The ground for

---

1. The same jury convicted Scott Nichols, Ronnie Bouck, Corey Day, Paul Hunt, and Kevin Hoffman of various drug violations. Each has his own separate appeal, which will be handled by separate opinions, though there is overlap between opinions.

2. The government's evidence showed that Palomino, a South American, maintained a residence in Florida and was a source for cocaine moved from Florida to Scott Nichols, and others, in Salt Lake City, Utah, and that in connection therewith Palomino made numerous trips from Florida to Salt Lake City.

3. *See also United States v. Scott Nichols*, 877 F.2d 825 (10th Cir.1989), filed this date, which addresses a modification of point 2.

his motion was that he desired to testify in connection with Count 4, but that in so doing, his testimony would tend to incriminate him on the remaining charges. The district court denied Palomino's motion to sever, and on appeal appellant argues that such was error requiring a reversal of his conviction on Count 4, and that the matter should be remanded for a second trial on Count 4 only.

In addressing Palomino's appeal on this point, we note that the decision to grant a severance "is left to the sound discretion of the trial court," and this circuit will not reverse a decision in "the absence of a strong showing of prejudice." *United States v. Hernandez*, 829 F.2d 988, 990 (10th Cir.1987) (citing *United States v. Valentine*, 706 F.2d 282, 289–90 (10th Cir. 1983)). Appellant concedes that under Fed. R.Crim.P. 8(a),[4] Count 4 was properly joined with the other counts in the indictment. He argues, however, that under Fed.R.Crim.P. 14,[5] Count 4 should have been severed from the other counts for trial because of prejudice if he were tried on all counts before the same jury.

This same argument was rejected by us in *United States v. Hernandez*, 829 F.2d 988, 990–91 (10th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988), and in *United States v. Dickey*, 736 F.2d 571, 589–91 (10th Cir.1984). Both *Hernandez* and *Dickey* involved defendants who sought, unsuccessfully, to sever their trials on a continuing criminal enterprise charge from their trials on other drug related charges, including conspiracy.

Appellant's remaining argument relates to the search of his condominium in Florida. Originally, a magistrate refused to issue a search warrant, but his ruling was overruled by a district judge who ordered that a warrant be issued. The search produced miscellaneous papers, airline receipts, bank books, and $20,000 in U.S. currency, which were introduced at trial. Appellant claims that the warrant was a "general" one and was not sufficiently "particularized." We disagree.[6]

When reviewing the denial of a motion to suppress, we must accept the trial court's findings of fact unless they are "clearly erroneous." *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir.1986) (citing *United States v. Rios*, 611 F.2d 1335, 1344 (10th Cir.1979)); *United States v. Pappas*, 735 F.2d 1232, 1233 (10th Cir.1984) (citing *United States v. Coker*, 599 F.2d 950–51 (10th Cir.1979)). Certainly the supporting affidavits were sufficient to demonstrate "probable cause"[7] to believe that Palomino was furnishing great quantities of cocaine to the Salt Lake City group, which cocaine was transported by couriers, and by Palomino himself, who frequently flew to Salt Lake City with the contraband in hand. In our view, the supporting affidavits identified the type of items there was reason to believe would be found in Palomino's residence and which, in fact, were found.

Judgment affirmed.

---

4. Federal Rule of Criminal Procedure 8(a) states:

 *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

5. Federal Rule of Criminal Procedure 14 states:

 *Relief from Prejudicial Joinder.* If it appears that a defendant or the government is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant to severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at trial.

6. *See also United States v. Hunt*, 877 F.2d 833 (10th Cir.1989), filed this date, which addresses a similar motion to suppress made by Paul Hunt.

7. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Reyes*, 798 F.2d 380 (10th Cir.1986); *United States v. Martinez*, 764 F.2d 744 (10th Cir.1985).