**UNITED STATES of America, Plaintiff–Appellant/Cross–Appellee,**

v.

**Mark HANSEN, Defendant–Appellee/Cross–Appellant.**

**Nos. 91–3218, 91–3226.**

United States Court of Appeals, Tenth Circuit.

May 15, 1992.

Christina L. Morris, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with her on the brief), Kansas City, Kan., for appellant/cross-appellee.

Marilyn M. Trubey, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender with her on the brief), Topeka, Kan., for appellee/cross-appellant.

Before McKAY, BARRETT, Circuit Judges, and BRIMMER **, District Judge.

BRIMMER, Chief District Judge.

## BACKGROUND

Mark Hansen (hereinafter defendant) was indicted on October 24, 1990 on one count of knowingly and intentionally distributing approximately 28.05 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). At trial,[1] defendant admitted that on April 30, 1990, he sold the drugs to government informant Larry Camp, but as-

---

** Honorable Clarence A. Brimmer, Chief District Judge for the District of Wyoming, sitting by designation.

1. This was defendant's second trial as the first trial ended with the jury being unable to reach a verdict.

serted an entrapment defense.[2] Defendant testified that the April 30, 1990 drug deal was the first time he had ever delivered or sold an illegal substance. On March 28, 1991, the defendant was convicted of the count charged in the indictment. Sentencing was set for May 28, 1991.

For sentencing purposes, the court determined that the defendant had delivered approximately seven (7) grams of pure methamphetamine. Pursuant to the United States Sentencing Commission, *Guidelines Manual,* (hereinafter Guidelines) § 2D1.1(a)(3), the court found the base offense level for delivery of 6–8 grams of pure methamphetamine to be 22. The United States (hereinafter Government) requested a two level enhancement for obstruction of justice on the grounds that defendant allegedly lied under oath at trial. *See* U.S.S.G. § 3C1.1. The defendant argued that he was entitled to receive a two level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

The court rejected the government's request for enhancement on the grounds that the defendant's testimony did not constitute the type of conduct which would require an increase for obstruction of justice. The court also denied the defendant's request for reduction for acceptance of responsibility based on the court's perception that the defendant was not truthful in his testimony. The defendant did receive a two-level reduction for being a "minor participant." *See* U.S.S.G. § 3B1.2(b).

Thus, the defendant's final guideline level was determined to be 20. This level provides for a sentence of 33–41 months for a defendant with a criminal history of I. Judge Van Bebber sentenced the defendant to 33 months imprisonment followed by three years supervised release. This appeal ensued.

The government challenges the district court's failure to enhance for obstruction of justice. Although the defendant does not challenge his conviction, on cross-appeal he challenges the court's refusal to grant the two-level reduction for acceptance of responsibility. We affirm the sentence.

## STANDARD FOR REVIEW

Congress has set forth the standard for review of sentences imposed under the Guidelines as follows:

Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e).

█ In reference to this statute, Chief Judge Holloway held that factual findings of the district court are to be reviewed under the clearly erroneous standard, "and while we give due deference to the district court's application of the guidelines to the

---

**2.** The entrapment defense is an affirmative defense which consists of two elements: (1) government agents must induce the defendant to commit the crime; and (2) the defendant cannot have been predisposed to commit the offense if given the opportunity. *United States*

*v. Fadel,* 844 F.2d 1425, 1429 (10th Cir.1988) (citing *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *United States v. Ortiz,* 804 F.2d 1161, 1165 (10th Cir. 1986); *United States v. Shapiro,* 669 F.2d 593, 597 (9th Cir.1982)).

facts, when that application involves contested issues of law, we review *de novo*. [citations omitted]" *United States v. Florentino*, 922 F.2d 1443, 1445 (10th Cir. 1990). This standard was also addressed in *United States v. Roberts*, 898 F.2d 1465 (10th Cir.1990), where this Court held that when "the issue ... turns primarily on the legal interpretation of a guideline term, [or on] which of several offense conduct guidelines most appropriately apply to the facts as found, ... the standard moves closer to *de novo* review." *Id.* at 1469 (quoting *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir.1989)).

In the present case, the issue regarding enhancement for obstruction of justice is a mixed question of fact and law which requires that the Court review it under the sliding scale approach outlined in *Roberts*. The defendant's contention that the district court erred in not granting a reduction for acceptance of responsibility is a factual question which we will address under the clearly erroneous standard.

## DISCUSSION

*A. Denial of requested obstruction enhancement.*

■ The Guidelines provide that if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" at any point during the case, the base offense level is increased by two levels. U.S.S.G. § 3C1.1. The Commentary to this section indicates that this enhancement was intended to apply in cases where the defendant commits perjury. U.S.S.G. § 3C1.1, comment. (n. 3).

■ The defendant's entrapment defense encompassed defendant's testimony that he never sold drugs before the sale to the government informant. Thus, defendant reasoned that he was not predisposed to commit this crime and was entrapped by the authorities. The jury entered a general verdict of guilty against the defendant. Before entry of this verdict the jury necessarily had to reject defendant's entrapment claim.

Rejecting the entrapment claim does not, however, automatically mean that the jury found that the defendant perjured himself when he testified that this was the first time he had sold drugs. Under the second prong of the entrapment test the defendant must prove that he was not predisposed to commit the crime, not that he had never committed the crime before. *See United States v. Fadel*, 844 F.2d 1425, 1429 (10th Cir.1988). Here the defendant admitted he had drug abuse problems as well as financial problems. From this information the jury could have found that the defendant was predisposed to commit the offense without finding that he lied in testifying he had never sold drugs before the April 30, 1990 transaction with the government informant.

The district court stated that "although I may not have believed the testimony and the jury may not have believed the testimony, I do not find that that is the kind of matter that requires a two-level increase for obstruction of justice." (ROA Vol. II, pp. 5–6.) Later, while addressing the issue of reduction for acceptance of responsibility, the court found that the "defendant was not truthful and has not accepted responsibility." (ROA Vol. II, p. 8.) Neither of these statements is a direct finding of perjury.

This Court has previously held that "denial of guilt or exercise of the constitutional right to testify in one's own defense is not a proper basis for application of Guidelines section 3C1.1." *United States v. Keys*, 899 F.2d 983, 988 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990). The *Keys* Court went on to note that giving perjurious testimony was not a protected constitutional right and could therefore be punished with such an enhancement. *Id.*

In the present case, the district court's finding that both it and the jury *may* not have believed the defendant's testimony stops well short of a finding that the defendant perjured himself. Further, the trial court's statement as to finding the defendant untruthful was not in specific regards to any testimony given by the defendant.

The defendant's testimony was believable enough to prevent the first jury from reaching a verdict as to his guilt. As the defendant aptly pointed out at sentencing, if he had been acquitted the law enforcement officers who testified would not have been accused of perjury. This Court will not punish the defendant for exercising his constitutional right to testify.

Under the sliding scale review, this Court will not reverse a district court's finding that an obstruction enhancement is not appropriate unless the record clearly indicates that the defendant committed or suborned perjury. In the present case, the district court did not make a finding that the defendant perjured himself. Further, the evidence is conflicting as to whether the defendant testified truthfully. Therefore, it is not clear from the record that the defendant committed the perjury which would require the two-level enhancement. Thus, this Court will not disturb the lower court's finding and rule that as a matter of law this defendant must receive the enhancement.

### B. Denial of acceptance of responsibility reduction.

■ The defendant maintains that he is entitled to a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The pertinent section of this Guideline provision provides:

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

*Id.* The district court found that the defendant was not entitled to a reduction under this section. As stated above, this is a factual determination which will only be reversed upon a showing that the district court was clearly erroneous.

■ Throughout the proceedings below the defendant did not contest that he sold the drugs, but rather he argued that he was entrapped by the government. The Guidelines provide that the reduction may be granted when the defendant affirmatively accepts personal responsibility for the criminal conduct. It is difficult for this Court to envision how the defendant argues that he affirmatively accepted responsibility for his criminal action when throughout the proceedings he maintained that his criminal action was not his fault, but rather, it was the result of government inducement.

The Commentary to U.S.S.G. § 3E1.1 explains the application of this Guideline provision in such instances as follows:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment. (n. 2). The exceptions discussed in this note do not apply to the present appeal.

In the case now before the Court, the defendant did not admit guilt, but contested a finding of guilt in his case. While admitting to selling drugs, the defendant did not accept responsibility for this action. Instead, he attempted to place the blame for his selling drugs upon the government

inducement. This contention was clearly rejected by the jury.

The district court found that the defendant was not truthful and did not deserve a reduction for acceptance of responsibility. We find that the district court's determination was not clearly erroneous. The factual finding that the defendant was not truthful is supported by the record. We find that the district court correctly determined that the defendant does not qualify for a reduction for acceptance of responsibility.

Therefore we AFFIRM.