5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Serafin CISNEROS-CORONA, Defendant-Appellant.
 No. 92-2147.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1993.
 
 Before McKAY, LOGAN, and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Serafin Cisneros-Corona was convicted of importing marijuana in violation of 21 U.S.C. Secs. 952(a) and 960(a)(2) and (b)(4) and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(a). He now appeals from a district court order denying his motion to suppress physical evidence and from his sentence. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742 and affirm.
 
 
 3
 Cisneros-Corona first contends that the district court erred in concluding that inspectors of the United States Customs Service did not violate his Fourth Amendment rights when they detained him at a secondary inspection area at the border between the United States and Mexico. On appeal, we consider evidence addressed at a suppression hearing in the light most favorable to the prevailing party. United States v. Johnson, 895 F.2d 693, 697-98 (10th Cir.1990). While we review the trial court's findings of fact for clear error, United States v. Palomino, 877 F.2d 835, 837 (10th Cir.1989), questions of law, including the determination of reasonableness under the Fourth Amendment, are reviewed de novo, United States v. Corral, 970 F.2d 719, 723 (10th Cir.1992).
 
 
 4
 We reject Cisneros-Corona's argument that the agents failed to articulate the reasonable suspicion necessary to refer him to the secondary inspection area. We recently restated the law in this area:
 
 
 5
 Border Patrol Agents may inspect vehicles at border checkpoints without individualized suspicion and have "virtually unlimited discretion to refer cars to the secondary inspection area" in order to effectuate the inspection. However, the agent's discretion is limited in one important respect--the overall detention cannot exceed a routine checkpoint stop if probable cause, consent or reasonable suspicion does not exist. Such a limit is necessitated by the Fourth Amendment and the Supreme Court's reasoning in Martinez-Fuerte. The key principal [sic] is reasonableness, and the Supreme Court essentially found routine checkpoint stops reasonable.
 
 
 6
 Thus, any distinction between primary and secondary inspection is meaningless. Border Patrol Agents must limit their inspection to a routine checkpoint stop unless consent, probable cause or reasonable suspicion arises during the stop. Whether the routine checkpoint stop is conducted at primary, secondary, or both is irrelevant to Fourth Amendment concerns.
 
 
 7
 United States v. Rascon-Ortiz, --- F.2d ----, 1993 WL 182725, at * 3 (10th Cir. May 28, 1993) (citations and internal footnotes omitted). Therefore, rather than address Cisneros-Corona's arguments in the context of primary and secondary inspection areas, we examine the inspectors' conduct as a whole to determine whether the inspection exceeded the boundaries of a routine checkpoint stop before the inspectors had consent, reasonable suspicion, or probable cause to go further.
 
 
 8
 We conclude that the stop did not go beyond the scope of a routine checkpoint stop before the agents developed probable cause to detain Cisneros-Corona further. From the time Cisneros-Corona arrived at the border to the time at which the dog alerted to the vehicle, only ten minutes elapsed. During that ten-minute period, two inspectors asked Cisneros-Corona routine questions. The dog sniff itself did not constitute a search. See United States v. Place, 462 U.S. 696, 707 (1983). Under these circumstances, the detention did not exceed the scope of a routine border stop before the dog alerted to the car. See Rascon-Ortiz, 1993 WL 182725, at * 5-* 6 (total detention of five minutes, during which time agents observed undercarraige of car, was routine stop rather than search). We therefore affirm the denial of Cisneros-Corona's motion to suppress.
 
 
 9
 Cisneros-Corona next contends that the district erred in not granting him a downward adjustment to his offense level for acceptance of responsibility under United States Sentencing Guidelines Sec. 3E1.1. We review the district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility under the clearly erroneous standard. United States v. Hansen, 964 F.2d 1017, 1021 (1992).
 
 
 10
 We conclude that the district court did not err. The application notes to Sec. 3E1.1 provide:
 
 
 11
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.
 
 
 12
 U.S.S.G. Sec. 3E1.1, comment. (n. 2). Cisneros-Corona concedes that he "argued failure of proof" at trial. Because he put the government to its proof and did not admit his guilt or express remorse until after trial, the district court properly denied his request for a downward adjustment under Sec. 3E1.1.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3