**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

GREGORY KENT WALLACE,

  Defendant - Appellant.

No. 97-6190

W.D. Oklahoma

(D.C. No. 96-CR-97)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Gregory Kent Wallace was convicted and sentenced on eight counts of drug- and firearm-related offenses.  The district court enhanced his sentence for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

obstruction of justice and denied a downward adjustment for acceptance of responsibility. Mr. Wallace appeals his sentence, arguing that (1) the enhancement for obstruction of justice was improper because the district court did not properly find that he had committed perjury; and (2) the court should have granted a downward adjustment for acceptance of responsibility because he admitted his involvement in the criminal activity immediately after his arrest and testified truthfully at trial in order to assert an entrapment defense. For the reasons set forth below, we affirm.

**BACKGROUND**

Mr. Wallace was named along with two other defendants in an eighteen-count superseding indictment. After the other defendants pleaded guilty, Mr. Wallace was tried by a jury on fifteen of the counts. The government presented the testimony of eleven witnesses in its case in chief, four of whom took part in, or observed Mr. Wallace's involvement in, drug and firearm trafficking during the spring of 1996, and four of whom were involved in his arrest and the discovery of guns and drugs. The defense presented the testimony of three individuals who discussed Mr. Wallace's search for his motorcycle, and Mr. Wallace testified that, in an attempt to recover his prized motorcycle that had allegedly been stolen, he had been entrapped by a government informant into committing the charged acts.

-2-

The government rebutted Mr. Wallace's entrapment defense through the testimony of a witness who said that Mr. Wallace had dealt in drugs prior to the transactions in this case. On November 15, 1996, the jury found Mr. Wallace guilty of eight of the counts.

The United States Probation Office prepared a Presentence Investigation Report, to which Mr. Wallace objected, claiming, inter alia, that he should not receive an enhancement for obstruction of justice and that he should be granted a three-level downward adjustment for his acceptance of responsibility. On May 16, 1997, the district court conducted a hearing, overruling those two objections and sentencing Mr. Wallace to 200 months' imprisonment followed by four years of supervised release. The sentence reflects a criminal history category II and a base offense level of 20, enhanced 10 points for various specific offense characteristics pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b) (1995) ("USSG"), two more points for using a person under age eighteen to commit crimes pursuant to USSG § 3B1.4, and two final points for obstruction of justice pursuant to USSG § 3C1.1.

## DISCUSSION

### I.

Mr. Wallace first argues that the district court erred in enhancing his sentence for obstruction of justice pursuant to USSG § 3C1.1 because its findings were not specific enough. We review the district court's factual findings on this

issue for clear error and its legal conclusions de novo.  United States v. Shumway, 112 F.3d 1413, 1426 (10th Cir. 1997).  Section 3C1.1 provides for a two level upward adjustment "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."  The enhancement is appropriate when the defendant commits perjury.  USSG § 3C1.1, comment. (n.3(b)).  However, a defendant is not automatically guilty of perjury merely because he or she testifies at trial and is found guilty.  United States v. Markum, 4 F.3d 891, 897 (10th Cir. 1993); see also United States v. Dunnigan, 507 U.S. 87, 95 (1993); United States v. Hansen, 964 F.2d 1017, 1020 (10th Cir. 1992).

A defendant commits perjury for purposes of § 3C1.1 if he or she "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  Dunnigan, 507 U.S. at 94.  The district court must review the evidence and make independent findings necessary to establish obstruction of justice under the perjury definition.  Id. at 95.  We have held that the court must identify, at least in substance, the portions of the defendant's testimony it considers to be perjurious.  United States v. Massey, 48 F.3d 1560, 1573 (10th Cir. 1995).  "Once the perjurious testimony is identified, Dunnigan then permits fairly conclusory findings that such testimony was false, material, and given with intent to commit

-4-

perjury . . . ." Id. at 1574. If the district court focuses on the specific testimony it considered perjurious, that is "sufficient to allow us to review the substance of its finding, which is all that is required by Dunnigan and its progeny in this circuit." United States v. Lang, 81 F.3d 955, 969 (10th Cir. 1996).

At the sentencing hearing, the government pointed to several portions of Mr. Wallace's testimony that it argued constituted perjury. It showed that Mr. Wallace had testified that he did not possess a working silencer, while the government's expert witness had testified that the silencer found at his house did work. R. Vol. VII at 78-80. Also, Mr. Wallace had testified that nearly all of the government's witnesses lied about various facts involving him. Id. at 71-74. Finally, the government pointed out that Mr. Wallace had testified that he did not know the price of a vial of methamphetamine, which he had stolen from another individual in order to show others that he knew how to manufacture it, while in reality he already had his own supply of the drug and knew its price. Id. at 82-83. Unsatisfied with the government's showing, the court stated:

> I just will sustain the objection. I don't think there's sufficient evidence the government has offered of the defendant having obstructed justice. It's the government's burden and I find that they have failed to produce sufficient evidence of obstruction.

Id. at 84.

The government then recited another portion of Mr. Wallace's trial testimony, with comments, as follows:

"Question:  When you're doing these narcotics transactions"—he's convicted of the narcotics transactions—"and selling these guns, nobody is forcing you to do that; is that right?
"Answer:  Yes, they are; [the government informant] is.
"Question:  He's forcing you by doing what?
"Answer:  By enticing me with knowledge of my motorcycle.
"Question:  He's not holding a gun to your head, is he?
"Answer:  Yes, sir, he is."

Id. at 85.  The following exchange then took place between the court and counsel

for the defense:

THE COURT:  Well, isn't the thrust of [this] testimony . . . that the only reason I was selling drugs and selling guns was because I was enticed by a government informant or a government agent and I wouldn't have done it otherwise?
MR. POINTER:  That was the entrapment defense, yes, your Honor, but that's not perjury.
THE COURT:  If it's false.

Id. at 86.  The court then granted the enhancement, stating:

Well, I'm going to go back on what I just said:  I'm going to overrule the objection.  I do think that's perjury.  I'm satisfied the defendant perjured himself in his defense.  The idea that he was selling guns and drugs for the purpose of finding his motorcycle, I don't believe. That was the entire thrust of the defense.  I think he sold guns and drugs because he wanted to sell guns and drugs.  He's testified there that he was doing it only because he was being forced to in an effort to find this motorcycle.  I just don't believe that.  I think he perjured himself and he did attempt to posture an entrapment defense where I don't think there was an entrapment defense.  So I'm reversing myself in that regard.

R. Vol. VII at 87.  Defense counsel challenged the court's undefined standard and

burden of proof and disputed that all of the elements of perjury had been satisfied,

whereupon the court explained:

-6-

> Well, obviously the jury found beyond a reasonable doubt that a government agent didn't wrongfully entice this defendant to commit these crimes. I know I'm not bound by what the jury did, but I agreed with what the jury did, and I find, beyond a reasonable doubt, that this defendant was not entrapped, and contrary to his testimony, that he was entrapped. He testified that this was the only reason he was making these sales was because this agent enticed him to do so, and I just do not believe that. I think he was lying. I'm satisfied that he was a drug dealer and he was a gun dealer and he was more than willing to go along—not go along, but to make these sales of those drugs and weapons and drugs, as found in the counts of conviction, so I'm going to overrule your objection in regard to obstruction.

Id. at 88.

The district court's statement above is an explicit finding of falsity. The court recognized the second element of perjury by telling the government that any statement it bases its obstruction enhancement on must "be on a matter material." R. Vol. VII at 78. The remaining element, willful intent to provide false testimony, is implicitly recognized by the court in the above statements, particularly in its statement that "he did attempt to posture an entrapment defense where I don't think there was an entrapment defense." Id. at 87.

Upon our review of the record, it is clear that Mr. Wallace's testimony meets each of the elements of perjury, and that the district court's finding is not clearly erroneous. Mr. Wallace repeatedly testified that he was only selling or posing as a seller of drugs and guns because a government informant entrapped him by enticing him with the recovery of his stolen motorcycle. See, e.g., R. Vol. V at 446-48, 490-91, 520; R. Vol. VI at 576. The assistant chief of police for the

city of Nicoma Park, Tim Williams, testified that he had told Mr. Wallace in late April 1996 that his motorcycle was in police custody. R. Vol. V at 410-11, 423, 425-26. Notwithstanding his knowledge of his motorcycle being in police custody, Mr. Wallace admitted that he engaged in several criminal acts subsequent to that time. Id. at 476-83. Several witnesses also testified as to Mr. Wallace's involvement in those activities after the motorcycle was in police custody. See, e.g., R. Vol. III at 53-65, 70-73; R. Vol. IV at 182-93, 209-19, 265-69. Because Mr. Wallace's testimony satisfies the elements of perjury and because there is no lack of evidence contradicting the testimony, we are convinced that the district court did not err in its finding of perjury.

Mr. Wallace also argues that the obstruction of justice enhancement is not appropriate because his testimony was in furtherance of the affirmative defense of entrapment. We also reject this contention. While it is a defendant's constitutional right to testify on his own behalf, that right does not extend to giving perjurious testimony. See Dunnigan, 507 U.S. at 96; Hansen, 964 F.2d at 1020. And while "an accused may testify to matters such as lack of capacity, insanity, duress, or self-defense"—or entrapment as in this case—the district court may still find that such testimony is perjurious and enhance the sentence for obstruction of justice accordingly. Dunnigan, 507 U.S. at 95; see also United States v. Yost, 24 F.3d 99, 105 (10th Cir. 1994). We therefore affirm the enhancement for obstruction of justice.

## II.

Mr. Wallace next argues that because he admitted his involvement in the sale of firearms and drugs both at the time of his arrest and at trial he is entitled to a three-point downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. This section provides for a two-point downward adjustment if "the defendant clearly demonstrates acceptance of responsibility for his offense." An additional point may be given if the defendant has assisted authorities in the investigation or prosecution of the misconduct by timely providing information to the authorities concerning his involvement or by timely notifying the government of a guilty plea. This is a factual determination that is entitled to great deference, and it will be reversed only upon a showing that the district court's decision was clearly erroneous. United States v. Gallegos, 129 F.3d 1140, 1146 (10th Cir. 1997); United States v. Hoenscheidt, 7 F.3d 1528, 1531-32 (10th Cir. 1993); see USSG § 3E1.1, comment. (n.5). The defendant bears the burden of proving he or she is entitled to this adjustment. United States v. Reed, 114 F.3d 1053, 1058 (10th Cir.), cert. denied, 118 S. Ct. 316 (1997).

The downward adjustment does not generally apply to a defendant who denies the essential factual elements of guilt, is convicted after trial, and only then expresses remorse. USSG § 3E1.1, comment. (n.2). However, in rare situations the adjustment may be granted even though a defendant exercises his constitutional right to a trial so as to assert and preserve issues not relating to

factual guilt, such as a constitutional challenge to a statute. Id. In addition, although conduct resulting in an enhancement for obstruction of justice ordinarily indicates a lack of acceptance of responsibility, there may be extraordinary cases in which adjustments under both sections apply. USSG § 3E1.1, comment. (n.4).

Mr. Wallace has not proven that this is one of those rare and extraordinary situations. The adjustment was not denied solely because Mr. Wallace relied on an entrapment defense at trial, as the defense asserts on appeal. Rather, the court said, and we agree, that not only did Mr. Wallace never accept responsibility for his actions, but he also perjured himself in an attempt to escape punishment. R. Vol. VII at 62, 87. Such conduct is not becoming of one who accepts responsibility for his actions. What we said in Hansen, 964 F.2d at 1021-22, applies here as well:

> It is difficult for this Court to envision how the defendant argues that he affirmatively accepted responsibility for his criminal action when throughout the proceedings he maintained that his criminal action was not his fault, but rather, it was the result of government inducement.
>
> . . . .
>
> In the case now before the Court, the defendant did not admit guilt, but contested a finding of guilt in his case. While admitting to selling drugs, the defendant did not accept responsibility for this action. Instead, he attempted to place the blame for his selling drugs upon the government inducement.

Id. Although it is possible that a failed entrapment defense could coexist with an acceptance of responsibility adjustment, see Hoenscheidt, 7 F.3d at 1532, this is

not such a case.  Accordingly, we find no clear error in the district court's refusal

to grant an adjustment for acceptance of responsibility.

## CONCLUSION

For the reasons stated above, we AFFIRM the sentence of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge