**UNITED STATES of America, Plaintiff,**

v.

**Ray Lee OKELBERRY, Defendant.**

**No. 00–CR–99 RNB.**

United States District Court,
D. Utah,
Central Division.

Sept. 13, 2000.

---

Christopher Chaney, Asst. U.S. Attorney, Salt Lake City, UT, for Plaintiff.

Kenneth R. Brown, Salt Lake City, UT, for Defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The defendant, Ray Lee Okelberry, has made a motion for this court to reconsider its previous ruling denying a motion by defendant to withdraw his guilty plea.

Defendant is charged by misdemeanor information with a violation of the Federal Eagle Protection Act (16 USC § 668(a)). The information alleges that on or about May 8, 1999 defendant knowingly possessed and transported a Golden Eagle carcass. Defendant appeared before this court with counsel and entered a plea of not guilty. A plea agreement was worked out between defendant and the government. The defendant then entered a plea of guilty pursuant to the agreement. At the time of the plea, which was completely voluntary, and complied fully with Rule 11, F.R.Cr.P., the defendant orally admitted to facts constituting a violation of 16 USC § 668(a). He also accepted and executed a six page statement in advance of plea of guilty, which contained a statement of facts constituting admissions of the offense (¶ 12(a)). He admitted his conduct violated the statute, 18 USC § 668(a). The case was then set for a presentence report and sentencing.

Thereafter, defendant obtained new counsel and a motion was made to withdraw the plea of guilty. Rule 32(e) F.R.Cr.P. The first motion did not specify any "fair and just reason" to support set-

ting aside the plea. See *United States v. Hyde,* 520 U.S. 670, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997) (plea accepted pursuant to a plea agreement requires a showing of a "fair and just reason" to set aside the plea); Rule 32(e) F.R.Cr.P. The motion was denied. Thereafter, this motion for reconsideration was made with a supporting memorandum, affidavit and documents. The United States replied and opposed the motion.

■ The defendant contends his guilty plea was not proper and was not voluntary. Defendant contends the plea of guilty could effect defendant's grazing rights by virtue of 16 USC § 668(c) and therefore defendant's plea was not knowing and voluntarily made. He contends counsel was ineffective because defendant was not made aware of the possibility of loss of grazing rights on conviction.

■ Counsel has no obligation to advise defendant of collateral consequences of his plea. *Varela v. Kaiser,* 976 F.2d 1357 (10th Cir.1992); *Harris v. Allen,* 929 F.2d 560, 562 (10th Cir.1991); *Rivera–Esquivel v. United States,* 198 F.3d 258 (Table) (10th Cir.1999) (1999 WL 820232); *Johnson v. United States,* 650 F.2d 1, 4 (1st Cir.1981); Advisory Notes To Rule 11(e) 1974 F.R.Cr.P.

In *United States v. Morse,* 36 F.3d 1070, 1072 (11th Cir.1994) the defendant asserted his plea was improper where he was not advised as to loss of federal benefits. The court rejected the argument. It said: "Rule 11 does not require a sentencing court to inform a defendant of every possible consequence of his plea. This court has previously held that Rule 11, which establishes a procedure designed to insure that a guilty plea is entered voluntarily, requires only to inform a defendant of the *direct* consequences of a guilty plea, the court need not explain the possible collateral consequences of a guilty plea."

■ The same standard applies to counsel's effectiveness *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). 16 USC § 668(c) provides for administrative authority in the Department of Interior, to cancel a grazing permit on conviction of an offense under 16 USC § 668. The sanction is a matter that is collateral to the charge and also is couched in permissive language.

Consequently, the defendant has not shown either a deficiency in his plea of guilty nor has he met the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or *Hill v. Lockhart* to establish ineffectiveness of counsel in the plea process for a basis to set aside the defendant's plea of guilty because of possible loss of grazing rights. Therefore defendant has not provided a "fair and just" reason to set aside his plea pursuant to Rule 32(e) F.R.Cr.P. *United States v. Hyde,* 520 U.S. 670, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997).

■ Defendant Okelberry makes a second argument as a basis to withdraw his plea of guilty. He contends he has an available entrapment defense and that prior counsel did not make inquiry about that matter. If Okelberry has a submissible entrapment claim, that would be a "fair and just" reason for allowing withdrawal of the plea of guilty. Rule 32(e) F.R.Cr.P. The defendant submitted an affidavit in support of his motion to withdraw. However, no facts are presented in the affidavit that would show a basis for an entrapment defense.

■ It must be kept in mind that under federal law, the entrapment defense is a *subjective* standard. Early on, the Supreme Court recognized that where a suspect merely accedes to a criminal opportunity, entrapment is not present. *Casey v. United States,* 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928). In *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) the court held the persistent importuning by a federal agent and playing on mutual experiences between agent and defendant was enough to raise an entrapment defense for jury consideration.

The court, however, expressly said that merely affording opportunities or facilities to commit the crime does not, of itself, defeat the prosecution. The court then said:

A different question is presented when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.

The Court in *Sorrells* said the thread of the focus is on the intent or predisposition of the defendant. See *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

The Supreme Court revisited the entrapment issue in *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). A government informant met defendant in a doctor's office where each was being treated for narcotics addiction. The informant made repeated requests of defendant as to a source of drugs and the informant manifested "suffering" for which he needed drugs. The defendant supplied drugs to the informant and the Supreme Court concluded entrapment existed as a matter of law. The court spoke of beguiling an innocent party to committing crimes. *Id.* at p. 376, 78 S.Ct. 819.

The objective entrapment standard was rejected in *Russell,* supra, and the Supreme Court reaffirmed that defendant's state of mind is determinative. *Id.* at pp. 433–434, 93 S.Ct. 1637. In *Jacobson v. United States,* 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), government agents, over a 2½ year period made "repeated efforts" through five fictitious organizations and a bogus pen pal "to induce defendant to violate" the federal child pornography law. The Court found entrapment as a matter of law. However, the court said "Had the agents in this case simply offered petitioner the opportunity to order child pornography [through] the mail and petitioner—who must be pre-

sumed to know the law—had promptly availed himself of this criminal opportunity, it is *unlikely* that his entrapment defense would have warranted a jury instruction." *Id.,* 112 S.Ct. p. 1541.

 Entrapment requires government inducement, which is also a legitimate governmental effort to apprehend law violators. *United States v. Russell,* supra, 411 U.S. at p. 432, 93 S.Ct. 1637; *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Merely offering an opportunity to commit the offense is insufficient to satisfy the inducement element. *United States v. Christopher,* 488 F.2d 849, 850–51 (9th Cir.1973). An element of "persuasion or mild coercion" is required *United States v. Andrews,* 765 F.2d 1491, 1499 (11th Cir.1985); see also *United States v. Poehlman,* 217 F.3d 692, 2000 WL 821290 (9th Cir.2000); Paul Marcus, *The Entrapment Defense,* 2 Ed § 4.04 (1995). If inducement is shown, then under the subjective test, evidence of defendant's predisposition may be presented by the government to rebut an entrapment claim. More than a scintilla of evidence must be shown to raise a jury issue of entrapment. Rather some founded evidence of inducement must be shown. *Id.* The evidence must be sufficient for a reasonable jury to accept the claim. *United States v. Bradfield,* 113 F.3d 515, 522 (5th Cir.1997). A defendant may present an entrapment defense to a jury only if he comes forth with "evidence from which a reasonable juror could derive a reasonable doubt as to the origin of the criminal intent." *United States v. Duran,* 133 F.3d 1324, 1331 n. 6 (10th Cir.1998). "[I]t is not entrapment if government agents merely provide an opportunity to commit the crime." *Id.* at p. 1327. "The defendant must point to evidence of *both* lack of predisposition and government inducement before the trial judge can determine whether entrapment has been shown sufficiently to present to the jury." *United States v. Ortiz,* 804 F.2d 1161, 1165 (10th Cir.1986).

"[I]nducement is any government conduct which creates a substantial risk an undisposed person or otherwise law abiding citizen would commit the offense." *United States v. Mendoza–Salgado,* 964 F.2d 993, 1004 (10th Cir.1992); *United States v. Sullivan,* 919 F.2d 1403, 1418 (10th Cir.1990). See also *Ortiz,* supra. "Inducement may arise from persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *Mendoza–Salgado,* at p. 1004. None of the above situations apply in this case, unless there is persuasion. The inducement must focus on the government's conduct. *United States v. Young,* 954 F.2d 614 (10th Cir.1992). "The government's evidence in the instant case does not show governmental 'inducement' of an 'undisposed person." "Officer Witt, posing as a 'crooked cop' merely gave Price the 'opportunity' to purchase" cocaine which defendant accepted. *United States v. Price,* 945 F.2d 331, 332 (10th Cir.1991). Of course, entrapment can arise from the government's case, *Ortiz,* supra. However, no instruction is required if a government witness merely testifies only to participation and the evidence does not show inducement. *United States v. Nichols,* 877 F.2d 825, 827 (10th Cir.1989).

▇▇▇ In this case, the affidavit of defendant does not show any fact either of inducement or lack of predisposition (Attachment A, File Entry # 16).

The defendant has submitted an investigation report of the United States Fish and Wildlife Service as to the relevant facts. The evidence is that defendant Okelberry is a livestock rancher in the general area of Goshen, Utah. Two (predator) poison sites were found by U.S. Fish and Wildlife officers on Okelberry's property in April, 1999. The sites were cleaned and sent for forensic analysis to the National Fish and Wildlife Forensic Laboratory.

In an effort to get additional evidence against defendant as to poisoning, a ruse site was set up by the federal officers at the second poison site on defendant's property. This consisted of an eagle carcass and a deer carcass. Okelberry's ranch consists, in part, of several hundred acres of wooded, vegetative property northeast of Wallsburg, Utah. The second poison site and the ruse site was in this area. A camera was set up at the site to observe what might occur. Thereafter, after a lapse of time, a government agent called Okelberry and gave a warning that dead birds were observed on his property. He said there were skunk, deer and bird carcasses. The site was not specifically identified. A transcript of the conversation has been provided. The agent was a person who lived in the area and whom Okelberry knew. The agent merely stated to Okelberry what he "found" or "saw" and did not attempt to persuade Okelberry or induce him in any manner to take any action. The agent did not identify the exact location.

After receiving the agent's communication, Okelberry and his son immediately went to the second poison site and loaded the animal carcasses, including the eagle carcass, onto a truck and left. The evidence of the elements of the charged violation is clear.

Entrapment is an available defense for a violation of 16 USC § 668(a) but the evidence must meet the standard requirements of the defense. *United States v. Top Sky,* 547 F.2d 483 (9th Cir.1976) (finding defense of entrapment not available in an Eagle Protection Act prosecution).

The defendant could legitimately assert ineffectiveness of counsel in failing to raise an entrapment issue if it could be validly raised by the evidence. *Capps v. Sullivan,* 921 F.2d 260 (10th Cir.1990) (counsel found ineffective in failing to raise an entrapment defense). However, the defendant must show a violation of the standards of *Strickland v. Washington,* supra, or *Hill v. Lockhart,* supra, for ineffective counsel. If there is no legitimate evidence for entrapment, no incompetency is established, and

there is no "fair and just reason" to allow withdrawal of the plea of guilty. Rule 32(e) F.R.Cr.P., *United States v. Elias,* 937 F.2d 1514 (10th Cir.1991); *United States v. Gordon,* 4 F.3d 1567 (10th Cir. 1993).

In this case, based on the above evidence, the defendant has not made out a submissible case on entrapment for the jury to consider. There is no evidence to show inducement. The government agents did no more than provide the opportunity for commission of the offense. Defendant, apparently, immediately responded to the opportunity. To hold these circumstances require consideration of an entrapment defense would establish a defense in every case in which the government provided an opportunity for the offense. Therefore, the defendant's claim of entrapment does not provide a basis to set aside his plea of guilty. The facts, however, may bear on what is a proper and equitable sentence. Therefore,

**IT IS HEREBY ORDERED** the motion of defendant Ray Lee Okelberry to withdraw his plea of guilty is **DENIED.**