**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James H. HOENSCHEIDT, Jr., Defendant–Appellant.**

**No. 92–3421.**

United States Court of Appeals, Tenth Circuit.

Nov. 1, 1993.

---

David M. Lind (Jackie N. Williams, U.S. Atty., with·him on the brief), Asst. U.S. Atty., Wichita, KS, for plaintiff-appellee.

Steven K. Gradert, Asst. Federal Public Defender, Wichita, KS, for defendant-appellant.

Before BALDOCK, FEINBERG,* and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

James H. Hoenscheidt, Jr. appeals his conviction and sentence for the unlawful distribution and conspiracy to distribute cocaine. Mr. Hoenscheidt raises four issues on appeal: (1) whether the evidence presented at trial was sufficient to support the jury's verdict; (2) whether the district court "erred in its failure to instruct the jury with the defendant's proposed 'failure to call a witness' instruction and in refusing to allow defendant to refer to the missing witness in summation"; (3) whether the sentencing court erred in denying a two-level reduction in sentencing for the acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines; and (4) whether the court erred "in applying the mandatory minimum sentence enhancement for appellant's conviction under 21 U.S.C. [§] 846, which deals with attempts and conspiracies." We affirm both Mr. Hoenscheidt's conviction and sentence.

## BACKGROUND

The Drug Enforcement Administration ("DEA") became aware of Mr. Hoenscheidt through an informant who had been arrested for violations of drug trafficking laws. This informant agreed to work with the DEA to apprehend drug traffickers. The informant told the DEA that he had been contacted by Mr. Hoenscheidt about a sale of cocaine.

DEA agents observed several meetings between Mr. Hoenscheidt and the informant over a period of approximately one week, tape recording some of these meetings. Upon arrest, Mr. Hoenscheidt was in possession of five one hundred dollar bills, which were part of marked money given to the informant to purchase one ounce of cocaine from Mr. Hoenscheidt. Mr. Hoenscheidt testified he did distribute cocaine to the informant. He also admitted his cocaine supplier was the man prosecutors claimed to be his coconspirator. Mr. Hoenscheidt testified

he had a history of drug abuse and drug trafficking.

During a search of the home of Mr. Hoenscheidt's coconspirator, agents found approximately seventeen ounces of cocaine, scales, and the rest of the marked money. During that search, the agents also uncovered a document evidencing drug transactions between the coconspirator, Mr. Hoenscheidt, and the informant.

At trial, the prosecution never called the informant to testify. All evidence presented about the meetings between the informant and Mr. Hoenscheidt was entered through tape recordings, the testimony of DEA agents, and the testimony of Mr. Hoenscheidt. Mr. Hoenscheidt argued that he was entrapped by the government. The jury rejected this defense and found Mr. Hoenscheidt guilty of two counts of distributing cocaine and of conspiracy to distribute cocaine.

## Sufficiency of Evidence

The first issue Mr. Hoenscheidt raises on appeal is whether the evidence presented at trial was sufficient to support the jury verdict. The standard to determine sufficiency of evidence is whether enough evidence was presented at trial for a reasonable juror to find the defendant guilty beyond a reasonable doubt. *United States v. Grimes*, 967 F.2d 1468, 1472 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992). This is a difficult standard for an appellant to overcome. To overturn a jury's conclusion of fact, we must find that no reasonable juror could have reached the disputed verdict. The standard requires us to review the record of the trial to determine if there is evidence to support the verdict. *Id.*

Mr. Hoenscheidt's concern is that the jury's finding is unreasonable because the government did not respond to his affirmative defense of entrapment. Mr. Hoenscheidt claims the government failed to prove beyond a reasonable doubt that he had a

---

* The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sit-

ting by designation.

predisposition to commit this crime. However, "[t]he burden is not upon the government to produce absolute proof of predisposition, but rather it need only convince a jury beyond a reasonable doubt the criminal intent originated with the defendant." *United States v. Dozal–Bencomo,* 952 F.2d 1246, 1252 (10th Cir.1991) (citation omitted). Mr. Hoenscheidt personally testified that he had been involved in drug distribution off and on since 1969.

After carefully reviewing all of the evidence presented during the trial, we find there is sufficient evidence to support the jury verdict.

### Missing Witness

The second issue Mr. Hoenscheidt raises is whether the trial court erred in preventing the defense from giving jury instructions on the missing witness and mentioning during summation the absence of the witness. Mr. Hoenscheidt points out that the prosecution never called the informant to testify. He contends he must be permitted to highlight to the jury—through either the jury instructions, the closing argument, or both—that the government's primary witness to the criminal acts was never called as a witness.

 We review the trial court's decision for abuse of discretion. It is within the district court's discretion whether to allow a "missing witness" instruction to go to the jury. *United States v. Montoya,* 676 F.2d 428, 431 (10th Cir.), *cert. denied,* 459 U.S. 856, 103 S.Ct. 124, 74 L.Ed.2d 108 (1982). Not only is it discretionary, the district court will only give a "missing witness" instruction if the witness is solely within the government's power to call. *Id.* In the case at hand, the record shows the missing witness was not within the sole control of the prosecution. The government and the court gave defense counsel the opportunity to interview and call the informant as a witness. There is

no indication that the district court abused its discretion.

 Whether the district court erred in not allowing the defense to mention the missing witness in its summation is also within the trial court's discretion, and courts generally have broad discretion in limiting the scope of closing arguments. *See Cole v. Tansy,* 926 F.2d 955, 958 (10th Cir.1991). A party may comment on the other party's failure to call a witness if the witness was peculiarly available to the other side. *United States v. Carroll,* 871 F.2d 689, 692 (7th Cir.1989); *United States v. Keplinger,* 776 F.2d 678, 702–03 (7th Cir.1985), *cert. denied,* 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986). A witness may be peculiarly available to the other side if the other side alone has physical control over the witness or if the witness would be hostile to or biased against the calling party. Here, Mr. Hoenscheidt has not demonstrated the informant is under the control of the government or biased in favor of the government. The informant was available for either side to call as a witness.

The trial court did not err in limiting either the jury instructions or the closing arguments.

### Reduction for Acceptance of Responsibility

Mr. Hoenscheidt maintains on appeal that he is entitled to a two-level sentencing reduction according to U.S.S.G. § 3E1.1. This section of the Sentencing Guidelines provides that if the defendant clearly demonstrates acceptance of responsibility, then he is entitled to a two-level reduction.[1] Mr. Hoenscheidt argues that the sentencing court erred in denying him this reduction.

 Acceptance of responsibility is a factual determination reviewed under a clearly erroneous standard. *United States v. Hansen,* 964 F.2d 1017, 1019 (10th Cir.1992). Comments in the Sentencing Guidelines pro-

---

1. *Acceptance of Responsibility*
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 (b) A defendant may be given consideration under this section without regard to whether

his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 U.S.S.G. § 3E1.1 (Nov. 1991).

vide that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5) (Nov. 1991).[2]

The sentencing judge determined that Mr. Hoenscheidt had not accepted responsibility for his criminal conduct. Although Mr. Hoenscheidt admitted he sold cocaine, the sentencing court found he never accepted his culpability. In fact, Mr. Hoenscheidt on appeal still contests his guilt. He blames the government for inducing him to act.

■ Mr. Hoenscheidt claims he was denied the reduction simply because he argued entrapment during the trial. Although the sentencing court used his entrapment arguments to find Mr. Hoenscheidt had not accepted responsibility, the court did acknowledge the entrapment defense does not necessarily bar a § 3E1.1 reduction in sentencing. Mr. Hoenscheidt's complaint about the sentencing court's consideration of the entrapment argument is without merit.

■ Mr. Hoenscheidt further complains the court erred in not considering his post-offense rehabilitation. Mr. Hoenscheidt participated in a drug treatment program following his arrest. However, we must give the sentencing court deference in making its factual determination. The sentencing court is in the best position to judge credibility of the witnesses. *Hansen*, 964 F.2d at 1019 (quoting 18 U.S.C. § 3742(e)).

■ Mr. Hoenscheidt was sentenced on October 29, 1992. At that time, the Sentencing Guidelines did not include "post-offense rehabilitative efforts" as a factor in determining the defendant's acceptance of responsibility. Rehabilitation was added as a consideration to the Application Notes of § 3E1.1 and became effective November 1, 1992.[3] The 1992 Guidelines are not applicable to this case because they were not effective on the date of Mr. Hoenscheidt's sentencing. The sentencing court must consider the sentencing range and policy statements in effect on the date of sentencing. 18 U.S.C.A. § 3553(a)(4) and (5); *c.f. United States v. Ziegler*, 1 F.3d 1044, 1048 (10th Cir.1993) (1992 Guidelines are generally not applicable prior to their effective date, but a clarifying amendment may be considered toward the Commission's intent as to the pre-amended Guideline).

■ Although the court did not think Mr. Hoenscheidt's drug rehabilitation demonstrated an acceptance of responsibility for his crimes, the court considered the rehabilitation a mitigating factor and sentenced Mr. Hoenscheidt at the bottom of his Sentencing Guideline level. The court made a factual finding that Mr. Hoenscheidt did not accept personal responsibility for his criminal actions. This finding was not clearly erroneous.

### Sentencing for a Conspiracy

■ Mr. Hoenscheidt's final issue on appeal is whether the court erred in applying the mandatory minimum sentence enhancement for appellant's conviction under 21 U.S.C. § 846, which deals with attempts and conspiracies. We understand his argument to be that the sentencing court erred in determining the sentence for the conspiracy. Mr. Hoenscheidt complains the conspiracy charge did not allege a specific amount of cocaine and therefore the sentencing court erred in its calculations of his base level offense. This argument is without merit because the sentencing court is permitted to consider all relevant conduct in determining the amounts of controlled substances involved in the conspiracy. *United States v. Morehead*, 959 F.2d 1489, 1510–11 (10th Cir. 1992). The sentencing court correctly ap-

---

**2.** Identical language appears in the 1992 Sentencing Guidelines. See U.S.S.G. § 3E1.1, comment. (n.5) (Nov. 1992).

**3.** In determining whether a defendant qualifies under subsection (a), appropriate consider-

ations include, but are not limited to, the following:

. . . .

(g) post-offense rehabilitative efforts (*e.g.*, counseling or drug treatment).

U.S.S.G. § 3E1.1, comment. (n.1(g)) (Nov. 1992).

plied the law. The amount of drugs connected with the crime is a factual finding. We review this finding under the clearly erroneous standard, *United States v. Coleman*, 947 F.2d 1424, 1427 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992), and we find no error.

## CONCLUSION

No reversible error has been demonstrated, we therefore **AFFIRM** the judgment of the district court.