65 F.3d 179
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robelo ORTEGON-ANTILLON, Defendant-Appellant.
 No. 94-2139.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ortegon-Antillon, facing charges of conspiracy to distribute cocaine and possession with intent to distribute the same substance, raised an entrapment defense at trial. This tactic proved less than successful, and a jury convicted him on both counts. He now appeals the district court's finding that he failed to "clearly demonstrate" acceptance of responsibility within the meaning of U.S.S.G. 3E1.1 (1992). We review for clear error, giving "great deference [to the determination of the sentencing judge]." United States v. Hoenscheidt, 7 F.3d 1528, 1531 (10th Cir.1993) (quoting U.S.S.G. 3E1.1 n. 5 (1991)). Finding no such error, we affirm.
 
 
 3
 A defendant who forces the government to prove its case at trial will only rarely warrant a reduction for acceptance of responsibility. See U.S.S.G. 3E1.1 n. 2 (1992). One such rare occasion may arise when a defendant who otherwise expresses remorse, contrition, or acknowledgment of wrongdoing nonetheless pleads not guilty because of entrapment. See United States v. Corral-Ibarra, 25 F.3d 430, 439-41 (7th Cir.1994); Hoenscheidt, 7 F.3d at 1532; United States v. Fleener, 900 F.2d 914, 917-18 (6th Cir.1990). But see United States v. Hansen, 964 F.2d 1017, 1021 (10th Cir.1992) (questioning compatibility of entrapment defense with acceptance of responsibility). Such a defendant cannot, however, demonstrate entitlement to a 3E1.1 reduction simply by resting upon the plea. See Corral-Ibarra, 25 F.3d at 441. An assertion of entrapment, taken in isolation, may be no more than an attempt to shift all blame (and, hence, all responsibility) to the government. See Hoenscheidt, 7 F.3d at 1532; Hansen, 964 F.2d at 1021-22. A defendant must still take affirmative steps to demonstrate clearly that he or she has in fact taken responsibility for the commission of wrongful acts. See Corral-Ibarra, 25 F.3d at 440-41; Fleener, 900 F.2d at 917-18.
 
 
 4
 Mr. Ortegon-Antillon points to no evidence in the record that indicates that he has affirmatively accepted the responsibility for his misdeeds. He provided no aid to the government in prosecuting its case. Compare Fleener, 900 F.2d at 918 (affirming reduction while noting that defendant had in fact provided such aid). He refused to discuss his offense with the Probation Office during preparation of the pre-sentencing report. Compare Corral-Ibarra, 25 F.3d at 440-41. The district court found at sentencing that he had yet to accept culpability for his crimes. Compare Hoenscheidt, 7 F.3d at 1532. In short, our review of this record reveals nothing to support a finding of clear error.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470