**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4066

CLINTON GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-97)

Submitted: November 21, 1996

Decided: December 6, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nathan A. Hicks, Jr., Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clinton Green appeals from his conviction of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (1994). Green claims that the district court erred by refusing to suppress a signed Miranda* waiver form, and by permitting a confidential informant to invoke her Fifth Amendment privilege. We affirm.

On June 12, 1995, Detective Steve Harper of the Charleston Metropolitan Drug Enforcement Network Team received a telephone call from an informant, Latricia Collins, notifying him that Tyheim Little was planning to transport a large quantity of crack cocaine from Kanawha City to Charleston via a taxicab. Acting on this tip, police stopped the taxicab as it arrived at its destination point. Green was sitting in the backseat and was the only passenger in the taxicab. Detective Harper ordered Green out of the taxicab and conducted a patdown. Harper saw a bag sitting in the back of the taxicab which Green denied owning. Harper opened the bag and found 30 baggies of crack cocaine and $5000 in cash. Green was arrested and advised of his Miranda rights. Green signed a written waiver of rights form after having it read to him and subsequently signed a statement written down by Detective Jordan.

During Green's trial, the district court granted the Government's motion to exclude Collins as a witness because she had indicated that she would invoke the Fifth Amendment if called to testify. The district court also refused to give a "missing witness" instruction or an instruction describing the Fifth Amendment privilege. Green noted a timely appeal.

We review the district court's factual finding that Green's waiver was voluntary, knowing, and intelligent for clear error. United States v. Gordon, 895 F.2d 932, 939 (4th Cir.), cert. denied, 498 U.S. 846 (1990); United States v. Smith, 608 F.2d 1011, 1013 (4th Cir. 1979). Upon review of the testimony at the suppression hearing, which

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

2

included Green's experience with the criminal justice system (having been arrested over thirty times), we find that the district court's findings were not clearly erroneous. See Poyner v. Murray, 964 F.2d 1404, 1413-14 (4th Cir.), ("Whether a waiver of the right to counsel was knowing and intelligent is determined by an examination of the totality of the circumstances surrounding the waiver. . . [including] familiarity with the criminal justice system"), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3335 (U.S. Nov. 2, 1992) (No. 92-5461).

Green next asserts that the district court's refusal to give a missing witness instruction with respect to Collins denied him his Sixth Amendment right to confront witnesses against him. A trial court's refusal to grant a missing witness instruction is reviewed for abuse of discretion. United States v. Hoensheidt, 7 F.3d 1528, 1531 (10th Cir. 1993). To qualify for such an instruction, the party must show (1) that the party failing to call the witness has it peculiarly within its power to produce the witness and (2) that the witness' testimony would "elucidate" issues important to the trial, as opposed to being irrelevant or cumulative. United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir.), cert. denied, 502 U.S. 845 (1991); United States v. Rollins, 862 F.2d 1282, 1297 (7th Cir. 1988). A witness' decision to invoke his Fifth Amendment privilege "makes him neither peculiarly available to the government nor within the government's exclusive control." United States v. Saint Michael's Credit Union, 880 F.2d 579, 598 (1st Cir. 1989). Moreover, the district court is without power either to force a witness to testify by granting immunity sua sponte or to force the government to grant immunity. United States v. Abbas, 74 F.3d 506, 511 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3794 (U.S. May 28, 1996) (No. 95-8821).

Accordingly, we affirm Green's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3