UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4644

CLINTON GREEN, a/k/a Blue,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-97)

Submitted: January 28, 1998

Decided: March 13, 1998

Before WILKINS and HAMILTON, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nathan H. Hicks, Jr., Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clinton Green appeals from the sentence imposed by the district court upon his conviction for possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1) (1994). Green contends that the district court erred in not considering his financial needs when it imposed a fine in the amount of $4000. For the reasons that follow, we affirm.

In January 1996, Green was sentenced to 168 months imprison-ment and an $8000 fine after a jury convicted him of one count of possessing with intent to distribute crack cocaine. This court affirmed Green's conviction and sentence. See United States v. Green, No. 96-4066, 1996 WL 698066 (4th Cir. Dec. 6, 1996) (unpublished). On motion of the government for a reduction of sentence based on sub-stantial assistance, see Fed. R. Crim. P. 35(b), the district court reduced Green's sentence to 84 months imprisonment and reduced his fine to $4000. Green contends that the district court failed to make specific factual determinations with respect to his ability to pay the $4000 fine during the period of his incarceration and during the term of his supervised release.

Because Green failed to object to the imposition of the fine, either at his first sentencing or at the hearing on the Government's Rule 35 motion, we review his claim only for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). A district court is required to consider certain factors, including the defendant's ability to pay, before imposing a fine. See 18 U.S.C.A. § 3572 (West Supp. 1997); United States v. Taylor, 984 F.2d 618, 621 (4th Cir. 1993). However, where, as here, the district court bases its decision on a presentence report which includes the Defendant's personal financial statement and on the projected income to be earned by a defendant while in prison, the district court is not required to "state[ ] in so many words"

2

that the defendant will have the ability to pay the fine while serving his sentence. See Taylor, 984 F.2d at 622 (holding that a $2000 fine imposed upon a defendant with "no income, assets or financial obligations" was adequately supported by the district court's conclusion that income would be earned through the Inmate Financial Responsibility Program).

Accordingly, the district court did not commit plain error by failing to make specific factual findings with respect to Green's ability to pay the fine while serving his sentence. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3