**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES EDWARD STEWART,

    Defendant-Appellant.

No. 99-3359

(D.C. No. 99-20030-01)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.[**]

A jury convicted Defendant James Edward Stewart on two counts of possessing destructive devices not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), and two counts of transferring such destructive devices, in violation of 26 U.S.C. § 5861(e). The district court sentenced Defendant to forty-six months imprisonment on each count to run concurrently.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Defendant appeals, challenging (1) the jury instruction on entrapment, (2) the jury instruction on coercion or duress, and (3) the denial of his request for a two-level reduction in his offense level for acceptance of responsibility. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

I.

At trial, the Government established ATF Special Agent Robert Stumpenhaus received information that Defendant James Edward Stewart possessed pipe bombs. As a result, Stumpenhaus initiated an undercover investigation. Stumpenhaus and another individual went to Defendant's residence posing as members of the National Militia. Stumpenhaus told Defendant they were interested in his expertise in making pipe bombs. Defendant expressed interest in joining the militia and agreed to build several pipe bombs. Defendant gave Stumpenhaus four pipe bombs in September 1998. In October 1998, Defendant provided Stumpenhaus with five more pipe bombs. Finally, on October 22, 1998, Defendant gave Stumpenhaus one final pipe bomb.

Defendant presented evidence of entrapment as an affirmative defense. Several witnesses testified Defendant was afraid of the militia members who asked him to make bombs for them and Defendant did not know how to get out of the situation. Defendant testified that the militia members knew a lot of personal information about him and his family. Defendant also testified the militia members showed him several of their weapons and indicated they were experienced sharpshooters. Defendant asserted that,

2

under the circumstances, he thought he had no other alternative than to make the pipe bombs because he was afraid of the militia members. Obviously, the jury did not accept the entrapment defense.

## II.

Defendant first challenges the entrapment instruction which the district court tendered to the jury because the instruction failed to state the Government had the burden of proving beyond a reasonable doubt that the agents did not entrap Defendant. Because Defendant failed to object to the instruction at trial, we review only for plain error. United States v. Concha, 233 F.3d 1249, 1251 (10th Cir. 2000); see also Fed. R. Crim. P. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."); Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

"A plain error is grounds for reversal only when (1) the error is clear or obvious and (2) it affects the defendant's substantial rights." Concha, 233 F.3d at 1251. "In the context of a challenged jury instruction, 'error' arises if, considering the instructions as a whole, the jury has been misled." United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998). "A plainly erroneous jury instruction affects a defendant's 'substantial rights' if the instruction concerns a principal element of the defense or an element of the crime,

thus suggesting that the error affected the outcome of the case." Id.

In reading the instruction on entrapment to the jury, the district court inadvertently added the word "and" in the last paragraph of the instruction. The entrapment instruction the court read to the jury stated in relevant part:

> Instruction No. 17: The Defendant, James Edward Stewart, asserts that he was entrapped by the Government to commit the crimes charged in the indictment. The defendant may not be convicted of these crimes if he was entrapped by the government to do the acts charged.
>
> . . . .
>
> In order to return a verdict of guilty as to defendant James Edward Stewart for any of the crimes alleged in Counts 1-3 or the crimes alleged in Counts 4-6, you must find that the government has satisfied its burden of proof beyond a reasonable doubt and that the defendant had predisposition to commit the crime charged.

(emphasis added). According to Defendant, jurors may have misconstrued the oral instruction to mean Defendant had the burden of proving the agents entrapped him.

The judge instructed the jury prior to the oral instructions that they would receive written copies of the instructions for their use during deliberation. The written instruction the jury had in the jury room did not include the additional "and." Defendant concedes the written instructions were accurate. Because the jury had access to the correct written instructions while deliberating, any error in reading the instructions was harmless. See United States v. Granados, 142 F.3d 1016, 1023 (7th Cir. 1998) ("The written instructions would have clarified any confusion the jurors may have had regarding the oral charge."). In addition, "it was incumbent upon defense counsel to object if the judge erroneously

4

instructed the jury, <u>see</u> Fed. R. Crim. P. 30, because the slip of the tongue could easily have been corrected before the jury retired to deliberate.  The absence of objection suggests the mistake was not noticeable or confusing."  <u>United States v. Ancheta,</u> 38 F.3d 1114, 1117 (9th Cir. 1994).  Although we emphasize the importance of trial judges reading jury instructions with care, we hold that the oral mistake in this case did not rise to the level of plain error when the jury had correct written instructions available during deliberations.

Defendant nevertheless argues the entrapment instruction was flawed because it failed to state specifically the burden was on the prosecution to prove beyond a reasonable doubt that the agents did not entrap Defendant.  In <u>United States v. Smegal,</u> 772 F.2d 659, 660 (10th Cir. 1985), we upheld an entrapment instruction very similar to the one at issue here that failed to state explicitly that the Government carried the burden of proving entrapment, but did inform the jury it could not convict unless it found beyond a reasonable doubt that there was no entrapment.[1]  It is well settled that once a defendant puts forth sufficient evidence of entrapment, the prosecution has the burden of proving that the agents did not entrap defendant.  <u>Duran</u>, 133 F.3d at 1330.  The prosecution satisfies this burden by proving beyond a reasonable doubt either that the defendant had predisposition to commit the crime charged or that the agents did not induce the

---

[1]  The entrapment instruction in <u>Smegal</u> stated in relevant part: "If you find beyond a reasonable doubt the Defendant was predisposed to commit such an offense, you should find that the Defendant was not a victim of entrapment."

5

defendant to commit the crime. Id. The written entrapment instruction here correctly informed the jury that the Government had the burden to prove beyond a reasonable doubt that the Defendant had predisposition to commit the crime charged. Accordingly, we find no substantive error in the entrapment instruction.

## II.

Defendant next argues the district court erred by instructing the jury as to the affirmative defense of coercion or duress because the instruction failed to inform the jury that (1) the Government had the burden of proving the agents did not coerce Defendant, and (2) the jury could consider evidence of government threats or coercive tactics with respect to the issue of inducement for the entrapment defense. We review the district court's decision to give a jury instruction on coercion or duress de novo. United States v. Pappert, 112 F.3d 1073, 1076 (10th Cir. 1997).

The Government requested that the court give an instruction regarding the affirmative defense of coercion or duress to distinguish the defense from an entrapment defense. Coercion is an affirmative defense that the Government must disprove only after a Defendant has raised the issue. United States v. Falcon, 766 F.2d 1469, 1477 (10th Cir. 1985). "A coercion or duress defense requires establishment of three elements: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm." United States v. Scott, 901 F.2d 871, 873 (10th Cir. 1990).

The coercion or duress instruction admittedly failed to inform the jury that the Government had the burden of proving beyond a reasonable doubt that Defendant was not coerced.[2] Defendant concedes, however, the evidence did not support a finding of coercion or duress. In fact, Defendant did not request such an instruction and disagreed with the suggestion to give the instruction because the evidence presented did not support a coercion or duress defense. Defendant offered evidence of coercion only as evidence of Defendant's lack of predisposition and to show inducement by the agents. Therefore, Defendant was never entitled to an instruction on coercion or duress. See Scott, 901 F.2d at 873 ("Only after a defendant has properly raised a coercion defense is he entitled to an instruction requiring the prosecution to prove beyond a reasonable doubt that he was not acting under coercion when he performed the act or acts charged."). Accordingly, even though the instruction failed to inform the jury of the correct burden of proof, the error is harmless.

Defendant maintains the district court erred because the instruction did not inform the jury it could consider evidence of the agent's threats or coercive tactics with respect to the issue of inducement for the entrapment defense. Defendant contends the court should have given an instruction that evidence of fear of the agents or coercive tactics was not a

_____

[2] The jury instruction regarding coercion or duress states in relevant part: "If you find that the defendant James Edward Stewart, at the time and place of the offense charged in Counts 1-6 of the Indictment acted as a result of coercion or duress as just explained, then it is your duty to find the Defendant James Edward Stewart not guilty of that charge."

7

separate defense, but such evidence could be considered in deciding whether Defendant was induced to commit crimes. Defendant, however, never requested such an instruction at trial. In addition, no evidence suggests the agents made any direct threats against Defendant. Moreover, the entrapment instruction informed the jury that it could consider the agent's inducements and persuasion.[3] Accordingly, we find no reversible error.

## III.

Finally, Defendant argues the trial court erred in refusing to grant a three-level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. A district court has broad discretion in determining acceptance of responsibility and we will not reverse the district court's decision unless it is clearly erroneous. United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999); see also U.S.S.G. § 3E1.1, cmt n 5. ("[T]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and is, therefore, entitled to great deference upon review.").

To receive a reduction under § 3E1.1, the defendant must show "'recognition and affirmative acceptance of personal responsibility for his criminal conduct.'" United States v. McAlpine, 32 F.3d 484, 489 (10th Cir. 1994) (quoting U.S.S.G. § 3E1.1(a)).

---

[3] The entrapment instruction states in relevant part: "In determining the question of entrapment, the jury should consider all of the evidence received in this case concerning the predisposition or lack thereof of the defendant before encountering the law enforcement officers or their agents as well as the nature and the degree of inducement or persuasion provided by the law enforcement officers or their agents." (emphasis added).

8

Generally, the downward adjustment does not apply to a defendant who denies the essential factual elements of guilt, is convicted after trial, and only then expresses remorse. U.S.S.G. § 3E1.1, cmt. n.2. "In rare situations, however, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Id. One such rare occasion may arise when a defendant who otherwise expresses remorse nonetheless pleads not guilty because of entrapment. United States v. Oregon-Antillon, 65 F.3d 179, 1995 WL 511137, at *1 (10th Cir. Aug. 30, 1995) (unpublished). If a defendant does choose trial, "a determination that defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." Id.

Although a failed entrapment defense may coexist with an acceptance of responsibility adjustment, this is not such a case. Defendant has not proven this is one of those rare and extraordinary situations warranting an adjustment. The court did not deny the adjustment solely because Defendant relied on an entrapment defense at trial. Rather, the district court stated, "[I] think that [Defendant's] approach in this case, both factually, and the way in which he has chosen to defend it, are both inconsistent with acceptance of responsibility." The district court noted that Defendant expressed no remorse and believed his actions should not be considered illegal because blowing up firecrackers in the backyard is an American institution and something he should be permitted to do. Giving appropriate deference to the district court, we find no clear error in the refusal

9

to grant an adjustment for acceptance of responsibility.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge