**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM LEON,

Defendant-Appellant.

No. 01-4042
(D. Utah)
(D.Ct. No. 2:99-CR-674-B-02)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

A jury convicted William Leon on charges stemming from the armed robbery of a credit union. Mr. Leon submits three challenges to his conviction and sentence: (1) the district court improperly joined his trial with the trial of co-defendant Daniel Card; (2) the district court committed several evidentiary errors; and (3) the district court erroneously applied an upward adjustment to his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm the convictions and remand with instructions to vacate the sentence and for re-sentencing in accordance with this order.

## BACKGROUND[1]

A grand jury indicted William Leon and Daniel Card for the armed robberies of two federally insured credit unions. Specifically, the indictment charged Mr. Leon with two counts of armed credit union robbery in violation of 18 U.S.C. § 2113(a) and (d), two counts of using and carrying a sawed-off shotgun during the robberies in violation of 18 U.S.C. § 924(c)(1), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Claiming the relative strength of the evidence against Mr. Card would result in prejudice if the two men were tried together, Mr. Leon filed two motions for relief from prejudicial joinder. Both motions were denied.

---

[1] Mr. Leon's appeal is based on legal rulings by the district court before, during, and after the trial. Therefore, the background facts focus on the procedural history relevant to the issues Mr. Leon raises on appeal. A factual account of the robberies is set forth in *United States v. Card* (No. 01-4116) (10th Cir. Sept. 16, 2002).

At trial, the jury heard evidence of Mr. Leon's prior convictions as part of the foundation for inculpatory statements he made to fellow inmates and to support the convicted felon in possession of a firearm charges.[2] In response, Mr. Leon attempted to argue the government was desperate to convict someone for these crimes and picked up the "usual suspects," including Mr. Leon. However, Mr. Leon was not allowed to present evidence or argument, other than his own testimony, concerning the process of the investigation or the subjective thoughts of the investigators.

The jury returned a guilty verdict against Mr. Leon for the second armed robbery and for using a sawed-off shotgun during the commission of that robbery. Although the jury convicted co-defendant Daniel Card of both robberies, the jury did not reach a verdict as to Mr. Leon on the two charges relating to the first robbery.

Based on the pre-sentence report, the district court's sentence included a two-level increase for obstruction of justice pursuant to section 3C1.1 of the United States Sentencing Guidelines. The district court sentenced Mr. Leon to

_____

[2] The government dropped the felon in possession charges before the case went to the jury.

-3-

220 months in prison to be followed by three years supervised release.  Mr. Leon

filed this timely appeal.


**DISCUSSION**

**Motions to Sever Trials**

Mr. Leon argues "[t]he district court erred in denying [his] motion for relief

from prejudicial joinder."  "Keeping in mind that there is a preference in the

federal system for joint trials of defendants who are indicted together, we review

a district court's decision to grant or deny a severance for abuse of discretion, and

we will not reverse absent an affirmative showing of prejudice."  *United States v.*

*Durham*, 139 F.3d 1325, 1333 (10th Cir.) (quotation marks and citations omitted),

*cert. denied*, 525 U.S. 866 (1998).  The United States Supreme Court has

repeatedly approved joint trials.  *Zafiro v. United States*, 506 U.S. 534, 537

(1993) (citing other Supreme Court cases).


Rule 14 of the Federal Rules of Criminal Procedure allows the district court

to "grant a severance of defendants or provide whatever other relief justice

requires" if it appears a defendant will be prejudiced by joinder of the defendants

for trial.  However, Rule 14 does not automatically require severance even if a

defendant shows a risk of prejudice.  *Zafiro*, 506 U.S. at 538-39.  "[R]ather, it

leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539. "[A] district court should grant a severance [because of prejudice] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* Even when there is a risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.*

Mr. Leon claims "[t]he evidence as to Mr. Card was stronger and more specific than that against [him]" and the "circumstances of the case are sufficient to show a reasonable probability that it was the association with Mr. Card" that resulted in his conviction. We have previously held severance of trials is not warranted where the defendant claimed the evidence was overwhelming or more damaging against the co-defendant. *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997). Mr. Leon cannot meet his burden of establishing prejudice by complaining he is "less culpable," by alleging he "would have a better chance of acquittal in a separate trial," or by complaining of "the 'spill-over' effect of damaging evidence presented against [Mr. Card]." *United States v. Iiland*, 254 F.3d 1264, 1269-70 (10th Cir. 2001). Therefore, these contentions do not rise to the level of prejudice and are foreclosed by Tenth Circuit precedent.

Mr. Leon also contends he was prejudiced when the government used a statement given by Mr. Card's brother. With this statement, the government had substantially more evidence against Mr. Card. Mr. Leon argues the jury found him guilty only because he associated with Mr. Card. Mr. Card's brother told police he saw Mr. Card with a lot of money and a sawed-off shotgun. He also told police Mr. Card admitted he robbed a credit union with Mr. Leon. Before the statement was presented to the jury, all references to Mr. Leon were excised from the statement. On appeal, Mr. Leon appears to argue the district court did not eliminate the prejudice by simply deleting the references to him as an accomplice. However, Mr. Leon's argument boils down to another claim he was less culpable than Mr. Card and the damaging evidence against Mr. Card "spilled over" to him. Again, we see no prejudice warranting severed trials based on this contention.

Moreover, the district court "minimized any possibility of prejudice by carefully instructing the jury to consider the case against each defendant separately." *Iiland*, 254 F.3d at 1270. At trial, the district court gave the following jury instruction:

> It is your duty to give separate, personal consideration to the case of each individual defendant. When you do so, you should analyze what the evidence in the case shows with respect to that individual, leaving out entirely any consideration [of] evidence admitted solely against any other defendant. Each defendant is entitled to have his case determined from evidence as to his own acts,

-6-

statements and conduct and any other evidence in the case which may be specifically applicable to him.

In fact, the jury was unable to reach a verdict as to Mr. Leon on the counts relating to the first robbery, while convicting Daniel Card on all counts. We think this demonstrates the jury followed the instructions and evaluated the evidence as to each defendant independently. *See Morales*, 108 F.3d at 1220 ("The fact that the jury was unable to reach a verdict as to [one defendant] on [one] count shows the jury carefully evaluated the evidence presented as to each defendant and each count."). Therefore, Mr. Leon has not shown the prejudice necessary to justify severed trials. Accordingly, we affirm the district court's orders denying Mr. Leon's motions to sever the trials of Mr. Leon and Mr. Card.

**Evidentiary Rulings**

Mr. Leon argues he was highly prejudiced by testimony referring to his previous record and arrests. Claiming the evidence was much more prejudicial than probative, Mr. Leon complains the district court exacerbated this error when it refused to allow Mr. Leon to argue his defense theory – the investigating officers assumed he committed the robberies because of his arrest record.

*References to Prior Incarceration*

Generally, we review evidentiary rulings for an abuse of discretion. *United States v. Castorena-Jaime*, 285 F.3d 916, 931 (10th Cir. 2002). However, Mr. Leon did not object to testimony referring to his prior convictions.[3] Therefore, we review the admission of this evidence for plain error. *Id.* To show plain error, Mr. Leon must demonstrate: "(1) the district court erred; (2) the error was plain; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 926.

The Federal Rules of Evidence generally allow the admission of evidence if it is relevant. Fed. R. Evid. 401. However, under Rule 404(b), evidence of prior crimes is not admissible if it is used to "prove the character of a person in order to show action in conformity" with that character. Fed. R. Evid. 404(b). Rule 403 also limits the use of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

---

[3] Mr. Leon did not object to this evidence because his defense strategy relied upon the prior convictions. As we discuss later, his defense "strategy was to show the jury that the investigating officers ... went right to the 'usual suspects' and assumed that they were the most likely people to be involved."

Mr. Leon argues the district court violated Rule 404(b) because the prior convictions tended to prove he was guilty of the robberies. We are not persuaded. The evidence submitted to the jury was not about Mr. Leon's prior criminal activities. Rather, the government introduced the fact Mr. Leon was in prison as a foundation for testimony concerning inculpatory statements Mr. Leon made to men he met in prison. It did not involve statements concerning the crimes for which Mr. Leon was incarcerated. Because the jury did not know why Mr. Leon was incarcerated and therefore could not find he acted in conformity with his prior crimes, Rule 404 is not implicated.

Mr. Leon further argues "[w]hile the evidence may have had probative value, it was also highly prejudicial" and should have been excluded under Rule 403. We disagree. As Mr. Leon recognizes, the evidence had significant probative value. Mr. Leon's admissions to the two inmates were significant evidence demonstrating Mr. Leon was one of the masked men who robbed the credit union. The context of the admissions made them more believable, as Mr. Leon had no reason to lie to these men. Furthermore, the court gave a limiting instruction to lessen any prejudicial effect of the testimony.[4] Given the

_____

[4] The district court admonished the jury:

There has been evidence introduced in this trial that each of the

-9-

significant probative value of the evidence and the small prejudicial effect, Mr. Leon has not demonstrated admission of the evidence was error, much less plain error.

*Prior Investigation and "Usual Suspects" Defense*

Mr. Leon claims several district court rulings that denied him the use of his defense strategy left him unable to meet "the government's cynical efforts to use previous convictions for their prejudicial effect." The district court, on the other hand, did not believe the state of the evidence supported his defense strategy and refused to admit the evidence he proffered. Each time Mr. Leon attempted to cross-examine government witnesses about the length of the investigation or the state prosecutor's refusal to bring charges against Mr. Leon shortly after the robberies, the district court determined the line of questioning was not relevant and was likely to confuse the jury. We review the district court's evidentiary rulings for an abuse of discretion. *Castorena-Jaime*, 285 F.3d at 931.

---

Defendants have been previously incarcerated. This evidence was necessary for the government to prove certain elements of its case. It is not, however, to be used as evidence of the propensity of either Defendant to commit these, or any other crimes. Previous conduct of these Defendants, not related to these charges, does not imply guilt of either Defendant of the charges in this Indictment. The presumption of innocence is present on these charges as always; and the fact that either Defendant might have previously been in trouble with the law does not change that.

Mr. Leon argues the district court abused its discretion when it refused to allow him to elicit testimony regarding an earlier investigation of the two robberies. He claims the earlier investigation demonstrated "law enforcement officials had long believed [he] was guilty of these crimes, but could not prove it." Mr. Leon argues law enforcement officials were frustrated with their investigation and "decided to try their luck" with a trial anyway.

A district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of ... confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time." Fed. R. Evid. 403. We conclude the district court did not abuse its discretion in excluding some evidence concerning the robbery investigations. The minimal probative value of the evidence was outweighed by the potential for confusion of the issues. The course of the earlier investigation and strength of the state's case against Mr. Leon three years earlier would provide little help to the jury in determining whether the government proved beyond a reasonable doubt Mr. Leon committed, or did not commit, the crimes charged. Moreover, the evidence would have injected purely collateral matters into the trial, confusing the jury and wasting valuable judicial resources.

Finally, Mr. Leon argues the district court erred in denying his request to play the "round up the usual suspects" scene from the movie *Casablanca* during his closing statement. We see absolutely no merit in Mr. Leon's argument. The district court has broad discretion in determining the scope of closing arguments. *United States v. Hoenscheidt,* 7 F.3d 1528, 1531 (10th Cir. 1993). Again, the district court properly rebuffed Mr. Leon's attempts to inject collateral matters which were of very limited probative value and were not supported by the evidence. The district court's evidentiary rulings were well within its discretion.

**Obstruction of Justice Adjustment**

The district court increased Mr. Leon's sentence for obstruction of justice pursuant to United States Sentencing Guidelines § 3C1.1. Section 3C1.1 subjects a defendant to a two-level increase in the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Mr. Leon contends the district court applied the two level increase to his offense level in error. We review the district court's factual findings supporting the application of a particular guideline provision for clear error and the district court's interpretation of the guidelines *de novo*. *United States v. Chavez*, 229 F.3d 946, 954 (10th Cir. 2000).

The district court explained its decision to increase Mr. Leon's sentence for obstruction of justice at the sentencing hearing.

> In the Court's assessment the reason the obstruction of justice points are warranted is the defendant did commit obstruction of justice. Mr. Leon took this witness stand and in front of me and everyone in the room including the jury committed perjury. He could be prosecuted for that.
>
> ....
>
> I saw very little redeeming value in your behavior and in your actions. You lied and you tried to get other people to lie. You did everything that you could to get a result that was separate and apart from the truth.

The district court provided no other reasoning or findings for the § 3C1.1 obstruction of justice adjustment.

The district court's decision must be reversed for three reasons. First, the decision failed to make any findings as to each of the elements of perjury as required by *United States v. Dunnigan*, 507 U.S. 87, 96-97 (1993).

If the sentence increase is based on perjured testimony, *Dunnigan* requires the district court to "make findings to support all the elements of a perjury violation." *Id.* A witness commits perjury if, under oath, he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* at

94. The district court's findings fall short because the court shared only its conclusion – Mr. Leon lied and committed perjury.

Second, it fails to identify or describe the perjured testimony as required by well-established Tenth Circuit case law. *United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir.) (citing *United States v. Arias-Santos,* 39 F.3d 1070, 1076 (10th Cir. 1994); *United States v. Markum,* 4 F.3d 891, 897 (10th Cir. 1993); *United States v. Hansen,* 964 F.2d 1017, 1020 (10th Cir. 1992)), *cert. denied*, 515 U.S. 1167 (1995). We require district courts to indicate or describe the nature of the perjured testimony so we may conduct meaningful review of those findings against the record. *Massey*, 48 F.3d at 1574. The district court need not recite the perjured testimony verbatim. *Id.*

> "[I]t is sufficient if such testimony is merely described in substance so that when we review the transcript we can evaluate the *Dunnigan* findings of the elements of perjury against an identified line of questions and answers without having simply to speculate on what the district court might have believed was the perjurious testimony."

*Id.* Here, the district court did not refer to any specific testimony, leaving us with a legal conclusion, but no factual findings to review.

Third, the district court's finding that Mr. Leon "tried to get other people to lie" is similarly lacking. If, as the government claims, the district court was

referring to Mr. Leon's ex-wife, that finding is not supported by the record. Mr. Leon did not try to get his ex-wife to lie. He asked her to refuse to talk to the police and to "take the Fifth," and became angry when she refused. However, it would be quite a leap to say those requests amount to an attempt to get her to lie. Again, however, without more specific descriptions of the testimony, we cannot determine if the district court was referring to the ex-wife when it said Mr. Leon "tried to get other people to lie."[5]

Because the district court failed to make findings as to the elements of perjury as required by *Dunnigan* and because it failed to describe the perjured testimony as required by our case law, "we must remand for the district court to make further findings." *Massey,* 48 F.3d at 1574. On remand, the district court should identify the statements made by Mr. Leon at trial that it considers to be perjured testimony and make the specific findings required by *Dunnigan*. In addition, if the district court relies on its finding that Mr. Leon "tried to get other people to lie," it must describe the testimony supporting its finding and who the "other people" are. If the district court relies on Mr. Leon's attempt to prevent

---

[5] Absent findings by the district court, we decline to decide whether Mr. Leon's conduct might amount to an obstruction of justice even if he did not actually ask his ex-wife to lie. Of course, however, if the district court finds Mr. Leon threatened, intimidated, or otherwise attempted to unlawfully influence his ex-wife, § 3C1.1 would apply. U.S.S.G. § 3C1.1, cmt. n.4 (2000).

his wife from testifying, the court must explain how Mr. Leon's actions amount to threatening, intimidating, or otherwise unlawfully influencing a witness.

## CONCLUSION

The judgment of the district court, insofar as it enhanced Mr. Leon's sentence under United States Sentencing Guidelines §3C1.1, is **REVERSED**. We **REMAND** this case to the district court with instructions to vacate the sentence and re-sentence Mr. Leon consistent with this opinion. In all other respects, the judgment of the district court is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge