**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM LEON,

Defendant-Appellant.

No. 03-4184
(D.C. No. 2:99-CR-674-02-DB)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, LUCERO**, and **O'BRIEN,** Circuit Judges.

---

William Leon appeals from the district court's denial of his motion to

dismiss his federal conviction on the basis of his allegation that the government

violated the Interstate Agreement on Detainers Act ("IAD"). 18 U.S.C. app. § 2. [1]

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The IAD is an interstate compact entered into by forty-eight states, the District of Columbia, and the United States (the "states"). 18 U.S.C. app § 2. It establishes the procedures that a state may use to issue a detainer for an individual who is imprisoned in one state so that the prisoner may be returned to

(continued...)

The government argues that we lack jurisdiction over this appeal; we agree and **DISMISS** .

Leon was indicted in federal district court for armed bank robbery and detained pending trial in federal prison. After he was released on bond by federal authorities, a Utah state court ordered him incarcerated in Utah state prison as a result of a parole violation. During this state incarceration, the federal proceedings continued, which required Leon's presence in federal court at his arraignment, his jury trial, and his sentencing hearing. To secure Leon's attendance at those events, the federal government obtained writs of habeas corpus ad prosequendum.

Ultimately convicted of armed bank robbery by the federal district court, Leon appealed to this court (" Leon I "). Affirming Leon's conviction, a panel of this court concluded that the district court erred in applying a sentence enhancement for obstruction of justice and remanded to the district court for the limited purpose of resentencing. United States v. Leon , No. 01-4042, 47 Fed. Appx. 539 (10th Cir. Sept. 16, 2002).

On remand , Leon filed a pro se Motion to Dismiss for Violation of Interstate Agreement on Detainers, arguing that the federal government violated

---

[1](...continued)
another state where the prisoner is facing additional charges. Alabama v. Bozeman , 533 U.S. 146, 148 (2001).

the IAD by shuttling him between state and federal custody during his federal trial. The district court denied the motion in an order of July 21, 2003, noting that under United States v. Mauro, 436 U.S. 340, 361 (1978), the IAD applies only when the government files a detainer. According to the district court, the government's reliance on writs of habeas ad prosequendum rather than detainers to secure Leon's presence in federal court rendered the IAD irrelevant. Leon appeals from that denial.

Because we conclude that we lack jurisdiction over this appeal, we need not reach the merits of the district court's denial of Leon's motion to dismiss. There is no evidence in the record that Leon alleged a violation of the IAD during his federal trial in Leon I.[2] Our previous remand to the district court of Leon I was for the limited purpose of resentencing. As we have recognized, "our jurisdiction to review issues now presented is limited by the scope of our remand and the resulting amended judgment." United States v. Webb, 98 F.3d 585, 589 (10th Cir. 1996). In the instant case, the remand "did not reopen for review the underlying convictions." Id. We therefore conclude that the district court did not have

_____

[2] While his direct criminal appeal was pending before this court, Leon attempted to bring his IAD claims as a collateral attack on his conviction under § 2255; the district court denied the § 2255 petition because Leon I was still pending before this court. Leon did not appeal from the denial. We note, moreover, that "[a]bsent special circumstances, violations of the IAD are not grounds for collateral attack on a federal conviction and sentence under § 2255." Greathouse v. United States, 655 F.2d 1032, 1034 (10th Cir. 1981).

jurisdiction to consider the merits of Leon's motion to dismiss.  Similarly, we lack jurisdiction to hear the instant appeal.

Accordingly, we **DISMISS** .

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge